## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMIE STANTON,           )
                               )
                 Plaintiff,   )
                               )
vs.                             )     Case No. 17-2120-DDC-KGG
                               )
UNKNOWN AGENT or AGENCY, )
*et al.*,                        )
                               )
                 Defendant.  )
_____)

## ORDER ON MOTION TO PROCEED
## WITHOUT PREPAYMENT OF FEES AND
## MOTION TO APPOINT COUNSEL, AND
## <u>REPORT & RECOMMENDATION OF DISMISSAL</u>

In conjunction with his federal court Complaint, *pro se* Plaintiff Jamie Stanton has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3, sealed) as well as a Motion to Appoint Counsel (Doc. 4). Having reviewed Plaintiff's motions, as well as his Complaint, the Court **GRANTS** *IFP* application, **DENIES, without prejudice**, Plaintiff's request for counsel, and **RECOMMENDS** that the District Court dismiss Plaintiff's claims in their entirety.

## I.    Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 53 years old and divorced with one dependant child for whom he provides certain monthly financial assistance.  (Doc. 3-1, sealed, at 1-2.)  He is currently employed making a minimal weekly wage.  He owns no real property.  (*Id*., at 3.)  He does own an automobile, but indicates it was stolen in December.  (*Id*., at 4.)  He continues to make payments on the automobile.  (*Id*.)

Plaintiff lists a small amount of cash on hand.  (*Id*.)  He received weekly unemployment benefits until February 10, 2017, and states that he is "pending for

2

medical" benefits through the government.  (*Id*.)  He filed for bankruptcy after his divorce.  (*Id*. at 6.)

Plaintiff lists standard monthly bills, including rent, groceries, utilities, and auto insurance.  (*Id*., at 5.)  He also owes a substantial amount of past child support and significant student loans.  (*Id*., at 5-6.)

Considering all of the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

## III.    Sufficiency of Complaint.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2).  Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.  28

U.S.C. §1915(e)(2).[1]  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).  This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally

---

[1]  Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).

4

construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).  Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

Although a complaint generally need not plead detailed facts, Fed.R.Civ.P.

5

8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer.  ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a).  After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

While Plaintiff's Complaint contains an abundance of factual allegations, the allegations do not state a claim upon which relief may be granted.  Plaintiff generally alleges that he is being followed by various cars (including police cars as well as what are inferred to be unmarked or civilian cars driven by "average citizen[s]").  (Doc. 1, at 2.)  He contends that this began on a drive from Colorado to Michigan in the fall of 2013/winter of 2014 and occurred over the "entire drive." (*Id*.)  He also contends that this has happened regardless of the jurisdiction in which he as been driving over the past several years, including Kansas, Utah,

Illinois, and Oklahoma.  (*See generally*, *id.*)

Plaintiff further alleges that gas station attendants "come out to smoke a cigarette while [he] pump[s] gas" and stay outside until he leaves or, if they do not come outside, they "look out their window and watch me from inside the store." (*Id.*, at 3.)  He describes this as an "every day" occurrence.  (*Id.*)  He also complains of co-residents in his apartment complex banging on his walls, which he infers is related to the surveillance.  (*Id.*, at 5.)

Plaintiff is not sure how he is being tracked but has come to the conclusion that a GPS device has possibly been placed on his car.  (*Id.*, at 3.)  He contends, however, that the same thing occurred when he was driving a rental car in Alabama.  (*Id.*, at 4.)  He surmises that the signal may have a "residual effect" and possibly "clings" to him.  (*Id.*, at 4.)

Plaintiff brings his claims against an unidentified government agency and four unidentified, individual "John Doe" Defendants who he contends have tracked him.  (*See generally, id.*)  He "assume[s]" the federal government is the entity monitoring him "because [he] had been through multiple states [and] one would have to assume that it's federal government vs state seeking the surveillance."  (*Id.*, at 3.)  Despite all this alleged surveillance, Plaintiff admits that he has not been "put . . . in cuff's [sic]," has not "been questioned about any of this or told that [he]

was or [has] been under any kind of investigation, or called to any police station, etc." (*Id.*, at 2.)

As stated above, for purposes of this Order, the Court liberally construes the allegations in Plaintiff's Complaint. The Court is sympathetic to the obvious fear felt by Plaintiff. Even so, the crux of Plaintiff's allegations is that he is being monitored by an unknown entity, possibly some unidentified federal government agency. The monitoring is also, however, imputed to "average citizens," gas station attendants, passers-by with cellular phones, and, apparently, co-residents of his apartment complex. He does no know the means by which he is being surveilled. He does not know the identities of the individuals who are allegedly following him. Even accepting Plaintiff's "John Doe" designations, his factual allegations do not state a claim to which a defendant could be reasonably expected to respond, or which could form a basis for relief from this Court. Simply stated, his claims are not plausible. As such, the Court finds Plaintiff's Complaint to be frivolous. The undersigned Magistrate Judge thus **recommends** that the District Court **DISMISS** Plaintiff's Complaint (Doc. 1) in its entirety.

Because the Court is recommending dismissal, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel (Doc. 4) as **moot**. If Plaintiff chooses to object to the recommendation of dismissal and the District

Court finds in Plaintiff's favor, Plaintiff is free to submit an additional motion requesting counsel.  The undersigned Magistrate Judge would then review Plaintiff's request for counsel on its merits.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *IFP* (Doc. 3, sealed) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED without prejudice as moot**.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within

the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of March, 2017.

        S/ KENNETH G. GALE
        KENNETH G. GALE
        United States Magistrate Judge