IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIE STANTON,

        Plaintiff,

v.

UNKNOWN AGENT OR AGENCY, et al.,

        Defendants.

Case No.  17-CV-2120-DDC-KGG

**MEMORANDUM AND ORDER**

On February 24, 2017, pro so plaintiff Jamie Stanton filed a Complaint against an "[u]nknown agent or agency that placed a GPS tracking device on [his] car [more than two] years ago in Colorado" and six unidentified John Does, who are law enforcement officers employed by various state and local agencies.  Doc. 1 at 9.  Plaintiff also has filed two supplements to his Complaint.  Docs. 5, 6.  Plaintiff's allegations are not easy to comprehend, but, generally, he complains that unidentified government agencies and agents are surveilling him, and he contends that their actions have violated his constitutional rights.  *See generally* Docs. 1, 5, 6.

On March 6, 2017, Magistrate Judge Kenneth G. Gale issued a Report and Recommendation recommending dismissal of plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim for relief.  Doc. 8.  Judge Gale noted in his Report and Recommendation that plaintiff may serve and file specific written objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, within 14 days after service.  *Id.* at 9.  The docket reflects that plaintiff received service of the Report and Recommendation on March 10, 2017.  Doc. 12.

On March 10, 2017, plaintiff filed an Objection to Judge Gale's Report and Recommendation. Doc. 9. Since then, plaintiff also has filed several motions and supplements asking the court to terminate the sending of electronic signals into his apartment. Docs. 13, 14, 16. And, plaintiff filed another supplement to his Complaint on March 28, 2017. Doc. 15. Plaintiff's Objection and additional submissions also are difficult to understand. But, all of his filings appear to reiterate his allegations that unknown agencies and agents are surveilling him without probable cause in violation of the United States Constitution.

Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition. Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). As stated above, an objection is timely if made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it

"focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Property*, 73 F.3d at 1060.  If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Because plaintiff brings this lawsuit pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of his advocate.  *Id.*  Also, plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance.  *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

The court assumes that plaintiff's Objection is sufficiently specific to constitute a proper objection under the federal and local rules, and so it conducts a de novo review of Judge Gale's Report and Recommendation.  After conducting that review, the court agrees with Judge Gale's conclusion that plaintiff's Complaint fails to state a claim.  Under 28 U.S.C. § 1915(e)(2), the court must consider the merits of all cases in which a plaintiff proceeds *in forma pauperis*, and must dismiss any action that it determines fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Here, even giving plaintiff's Complaint and the supplements to that Complaint the most liberal construction imaginable, plaintiff has failed to state a plausible claim for relief.  As Judge Gale explained, plaintiff alleges that "an unknown entity, possibly some unidentified federal government agency" is monitoring him.  Doc. 8 at 8.  But plaintiff also alleges that average citizens are surveilling him as well—including "gas station attendants, passers-by with cellular phones, and, apparently, co-residents of his apartment complex."  *Id.*

3

Plaintiff does not know the identities of the individuals who are allegedly surveilling him. *Id.* And, although he has designated several John Doe defendants, the court agrees with Judge Gale that plaintiff's "factual allegations do not state a claim to which a defendant could be reasonably expected to respond, or which could form a basis for relief." *Id.* In sum—as Judge Gale concluded—plaintiff's claims are not plausible. *Id.*; *see also Randall v. South Dakota*, No. 12-136-ADM/TNL, 2012 WL 1055745, at *1 (D. Minn. Mar. 28, 2012) (dismissing the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) because the plaintiff's allegations that defendants were conducting surveillance of her life with equipment provided by either South Dakota or the United States were insufficient to raise a plausible claim for relief). *Cf. Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 232–33 (D.D.C. 2007) (dismissing a plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) because the plaintiff's allegations of "roving surveillance that followed her everywhere she went" were "fantastic to the point of being patently insubstantial and warrant[ed] a dismissal").

The court thus overrules plaintiff's Objection to Judge Gale's Report and Recommendation. The court also accepts the March 6, 2107 Report and Recommendation and adopts it as its own.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Objection to the Report and Recommendation of Magistrate Judge Gale (Doc. 9) is overruled,[1] Judge Gale's Report and Recommendation (Doc. 8) is adopted in its entirety, and this action is dismissed.

**IT IS SO ORDERED.**

---

[1] To the extent that any of plaintiff's Motions and Supplements (Docs. 13, 14, 15, 16) could be construed as objections to the Report and Recommendation, the court overrules them as well.

**Dated this 6th day of April, 2017, at Topeka, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**